## CARR *vs.* FARLEY.

Where an officer had attached a horse on a writ against A., and then permitted the horse to remain in the hands of A., taking a receipt from A. and another, in which they promised to deliver the property to him on demand, and A. absconded with the horse and sold him to a *bona fide* purchaser, it was held, that the officer might reclaim the possession of the horse, though judgment had not been rendered in the suit in which the horse was attached.

F., one of the receiptors, having requested permission of the officer to pursue the debtor and to reclaim the property attached, for the purpose of delivering it to the officer, and such permission being given in writing, saving all rights then existing against said receiptor, it was held to be equivalent to *a demand* upon F.

TROVER for a horse. On trial it was admitted, that the horse was originally the property of one *Hasty*; that the plaintiff, being a deputy sheriff, on the 12*th* of *February*, 1833, attached said horse on divers writs against *Hasty*, and suffered it to remain in his possession, taking a receipt from him and one *Farrington*, in which they promised to re-deliver the horse *on demand*.

It was admitted, that the writs were duly entered at the term of the Court of Common Pleas at which they were returnable, judgments rendered therein, the executions placed in the officer's

hands and a demand made upon *Farrington*, one of the receiptors, for the horse, within thirty days.

*Geo. Starrett, Esq.*, called for the plaintiff, testified, that prior to the rendition of judgment in said suits, *Carr* and *Farrington* being in his office, the latter requested permission of *Carr* to go and get the horse in controversy, if he could find him, and deliver him to *Carr*, in order to save himself harmless on his receipt, said *Hasty* having absconded with the horse. A copy of the receipt was then made, on the back of which the plaintiff authorised *Farrington* to take the horse for the purpose aforesaid, saving all rights then existing against the receiptors. Under this authority, it was admitted that the horse had been duly demanded of the defendant, who it was proved was a *bona fide* purchaser, but he refused to give it up.

The writ in this case was sued out before judgment had been obtained in the suits in which the property was attached.

It was contended by the defendant's counsel, that the facts testified to by *Mr. Starrett*, did not show a demand by said *Carr* on *Farrington*, under the receipt, and that this action could not be maintained until a demand had been made. But the jury were instructed by *Parris J.* that if the testimony was believed, the plaintiff had done all in this particular that the law required him to do.

It was also contended by the defendant's counsel, that *Carr*, having taken a receipt for the safe keeping of said horse, could not maintain this action until judgment had been obtained in the suits in which the horse was attached, and the executions delivered to him ; but the Court ruled otherwise ; and a verdict was returned for the plaintiff, which was to stand or be set aside according as the opinion of the whole Court should be upon the correctness of the ruling of the presiding Judge.

*W. P. Fessenden*, for the defendant, contended that no suit could be maintained by the officer until judgment had been obtained in the suit in which the attachment was made, and the execution delivered to him.

The *stat. ch*, 60, *sec.* 34, authorising the officer to leave the property attached in the hands of the debtor, on taking a re-

ceipt, was manifestly intended for the benefit of the debtor; as he could thereby have the use of the property until execution should be issued against him, and avoid the expense of having the property kept by the officer. This is admitted in *Woodman* v. *Trafton,* 7 *Greenl.* 178, in which the reasoning of the Court is adverse to the maintenance of this suit. To permit, then, an officer to retake the goods attached, at any time before judgment and execution, would be doing away with the whole beneficial intention of this statute, and would enable officers to harass and oppress debtors, contrary to the spirit of the law.

Nor is this view of the case affected by the words " on demand," in the receipt. They must receive a reasonable construction. They should be construed by the circumstances of the case and nature of the transaction, 3 *Dane's Abr. ch.* 101, *art.* 5, in which case they must mean *on demand after judgment.*

The general property remained in the debtor, subject only to the officer's lien : *Denny* v. *Willard,* 11 *Pick.* 519. And he could make a valid transfer of it, subject only to this lien. *Bigelow* v. *Wilson,* 1 *Pick.* 485.

2. No action can be maintained until after a demand, and the evidence in the case does not show one. But if it did, it would be ineffectual, being made prior to the obtaining of judgment.

*Starrett,* for the plaintiff, relied upon the case of *Trafton* v. *Woodman,* 7 *Greenl.* 178.

WESTON C. J. — That the attachment of the horse in question, was not dissolved by the receipt given, and the possession retained by the debtor, even against a *bona fide* purchaser, without notice, was decided in the case of *Woodman* v. *Trafton et al.* 7 *Greenl.* 178. There can be no occasion to repeat the reasons there given, to which we refer.

By the terms of the contract, made between the plaintiff and the receiptor, the latter was to deliver up the horse on demand. The facts testified to by *Mr. Starrett,* may be regarded as equivalent to a demand on the part of the plaintiff. But we are not now discussing the liability of the receiptor. He is the keeper for the officer, and may give up the property confided to his care, if the officer will accept it. The contract gives to the latter the

Carr *v.* Farley.

power to reclaim the property at any time. But the liability of the receiptor has been constructively limited ; and he has not been charged, where the officer is not liable to the creditor. Hence, generally, unless judgment has been rendered, and the execution put into the hands of the officer, or the property demanded of him within thirty days, his action against the receiptor is not sustained. A wanton and unnecessary interference by the officer, is not to be encouraged. But there may be cases, in which a re-seisure of the property by him, pending the attachment, may be justified. As where the receiptor has become insolvent, and the officer in danger of being held liable to the creditor, without indemnity. So, as in this case, where the debtor has attempted to defeat the attachment, by selling the property taken in another county, where the authority of the officer does not extend. We perceive nothing which forbids his interposition for the protection of the receiptor, where he is in danger of suffering. And we are of opinion that he had a right to make a demand of the horse of the defendant, and that the latter was not justified in withholding him ; and further, that this demand might be made through the agency of *Farrington,* the receiptor. And it appears that he was clothed with sufficient authority for this purpose.

*Judgment on the verdict.*